IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nutrien Ag Solutions, Inc.,<br><br>                                 Plaintiff,<br><br>vs.<br><br>Eric G. Plyler, Inc., Veronica Plyler, and Eric G. Plyler,<br><br>                                 Defendants. | COMPLAINT<br><br>Commercial Collection<br><br>(Non-Jury) |

Plaintiff, Nutrien Ag Solutions, Inc., complaining of Defendants, Eric G. Plyler, Inc., Veronica Plyler, and Eric G. Plyler, alleges:

**JURISDICTION AND VENUE**

1. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with authority pursuant to S.C. Code § 33-15-101(b)(8) to transact business in South Carolina. Plaintiff's principal place of business is in Colorado.

2. Plaintiff is a provider of crop inputs and agricultural services for farmers.

3. Defendant Eric G. Plyler, Inc., is a South Carolina corporation with its principal place of business in Chesterfield County, South Carolina.

4. Defendants Veronica Plyler and Eric G. Plyler are citizens and residents of Chesterfield County, South Carolina.

5. A substantial part of the events or omissions giving rise to this claim occurred in Chesterfield County, South Carolina. Defendants regularly do business in Chesterfield County. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. The court has subject-matter jurisdiction over this case under 28 USC § 1332(a) inasmuch as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States.

7. Venue is proper under 28 USC § 1391(b)(1) and (2) because Defendant Eric G. Plyler, Inc. has its principal place of business in this district, Defendants Veronica Plyer and Eric G. Plyler reside in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Pursuant to 28 USC § 121(7), this action is properly assignable to the Florence Division of the United States District Court for the District of South Carolina.

9. Defendants Veronica Plyler and Eric G. Plyler are experienced farmers.

<strong><u>FOR A FIRST CAUSE OF ACTION</u></strong><br>(Suit on Account)

10. All paragraphs above are incorporated by reference.

11. Plaintiff and Defendants agreed that their business relationship would be governed by the terms set forth in the "Credit Application – Credit Agreement (Retail)" (together the "Credit Agreement") executed by Defendants Eric G. Plyler, Inc. and Veronica Plyler on April 2, 2021. Its terms are incorporated herein by reference. A true and correct copy of the Credit Agreement is attached as **Exhibit A.** Defendant Eric G. Plyler guaranteed the obligations of Defendants Eric G. Plyer, Inc. and Veronica Plyler as shown on **Exhibit A**.

12. The parties further agreed that their business relationship would be governed by a invoices for specific purchases made. The back of a typical invoice showing the terms of purchases is attached as **Exhibit B**. The front page of a typical invoice is attached as **Exhibit C**. The Credit Agreement, the Invoices (front and back), and the monthly statements (referenced below) constitute the "Agreement" between the parties.

13. Under the Agreement, Defendants Eric G. Plyler, Inc. and Veronica Plyler established a "Retail Account" whose number ends with XX7900.

14. Under the terms of the Agreement, Defendants Eric G. Plyler, Inc. and Veronica Plyler promised to pay in full for all credit sale purchases applied to the accounts, along with accumulated finance charges, fees and expenses due under the Agreement as stated on each invoice.

15. Under the terms of the Agreement, Defendants Eric G. Plyler, Inc. and Veronica Plyler also agreed that any invoice not paid in full on or before the due date would be assessed a finance charge of 1.5% per month (18% APR) and that the finance charges would be computed as of Plaintiff's accounting month-end closing and each succeeding month end until the balance was paid in full.

16. Defendants Eric G. Plyler, Inc. and Veronica Plyler also agreed that their breach of the Agreement would constitute a default under the Agreement. They also agreed that upon default, the entire unpaid balance of the account would become immediately due and payable. They further agreed to pay all reasonable costs and expenses of every kind incurred by Plaintiff as the result of the default, including without limitation, reasonable attorneys' fees and court costs to the greatest extent not prohibited by applicable law.

17. Based on the Agreement and Defendant Eric G. Plyler's guaranty of the Agreement, Plaintiff extended credit to Defendants.

18. Defendants Eric G. Plyler, Inc. and Veronica Plyler purchased seed, herbicide and other agricultural chemicals, fertilizer, lime, fertilizer-spreading services, and other related products and services from Plaintiff, for which they agreed to pay under the terms of the Agreement. A true and accurate copy of the Customer Invoice Listing is attached as **Exhibit D.**

19. Plaintiff sent statements to Eric G. Plyler, Inc., each month. A typical monthly statement is attached as **Exhibit E.**

20. All invoices, finance charges, credits, and payments for Account ending XX7900 are listed on the A/R Ledger attached as **Exhibit F**. No payments have been made on those Accounts except as are shown on those exhibits, although due demand has been made, and Defendants Eric G. Plyler, Inc. and Veronica Plyler have neglected and failed to pay the same.

21. Plaintiff is informed and believes that it is entitled to judgment against Defendants Eric G. Plyler, Inc. and Veronica Plyler, jointly and severally, on Account XX7900 in the amount of One Hundred Ten Thousand, Six Hundred Thirty-Seven and 60/100 ($110,637.60) Dollars as of December 31, 2024 with interest accruing thereon at the rate of 18% per annum, plus reasonable attorney's fees and expenses.

**FOR A SECOND CAUSE OF ACTION**
(Suit on Guaranty)

22. Plaintiff incorporates all foregoing allegations.

23. Defendant Eric G. Plyler executed and delivered to Plaintiff the Guaranty as shown on the Credit Application and Agreement. See **Exhibit A**.

24. Under the terms of the Guaranty, Defendant Eric G. Plyler absolutely and unconditionally guaranteed the full and timely payment and performance of, and assumed personal liability for, the payment and performance of all credit obligations due and owing Plaintiff for products sold to Defendant Eric G. Plyler, Inc. and Veronica Plyler pursuant to the Agreement, and Defendant Eric Plyler agreed to pay Nutrien's collection expenses and reasonable attorney's fees, as provided in the Agreement. All of the terms of the Guaranty are incorporated by reference.

25.   Defendants Eric G. Plyler, Inc. and Veronica Plyler defaulted in their obligations under the Agreement as stated above.

26.   Plaintiff has incurred and will incur reasonable attorney's fees and expenses in the collection of the sums due and owing to Plaintiff by Defendants Eric G. Plyler, Inc. and Veronica Plyler.

27.   Plaintiff is informed and believes that it is entitled to judgment against Defendant Eric G. Plyler on the Guaranty in the amount of One Hundred Ten Thousand, Six Hundred Thirty-Seven and 60/100 ($110,637.60) Dollars as of December 31, 2024 with interest accruing thereon at the rate of 18% per annum, plus reasonable attorney's fees and costs.

### FOR A THIRD CAUSE OF ACTION
(Quantum Meruit)

28.   Plaintiff incorporates the allegations of Paragraphs 1 – 9 herein.

29.   Defendants purchased seed, herbicide and other agricultural chemicals, fertilizer, lime, fertilizer-spreading services, and other related products and services from Plaintiff all as shown on the Customer Invoice Listing attached as **Exhibit D**.

30.   Defendants retained those benefits under conditions that make it unjust for them to retain the benefits without paying their value.

31.   The value of those benefits is One Hundred Ten Thousand, Six Hundred Thirty-Seven and 60/100 ($110,637.60) Dollars.

32.   Plaintiff is informed and believes that it is entitled to judgment against Defendants, jointly and severally, in the total tum of One Hundred Ten Thousand, Six Hundred Thirty-Seven and 60/100 ($110,637.60) Dollars with interest continuing to accrue at the rate of 18% per annum.

WHEREFORE Plaintiff prays for judgment against Defendants, jointly and severally, for One Hundred Ten Thousand, Six Hundred Thirty-Seven and 60/100 ($110,637.60) Dollars as of December 31, 2024 with interest accruing thereon at the rate of 18% per annum, plus reasonable attorney's fees and expenses and for such other and further relief as is just and proper.

/s/ Robert P. Wood
Robert P. Wood (Fed Ct ID #4738)
Rogers Townsend, LLC
1221 Main Street, 14th Floor (29201)
Post Office Box 100200
Columbia, SC 29210
(803) 771-7900
Robert.Wood@RogersTownsend.com

ATTORNEYS FOR PLAINTIFF

February 4, 2025.